IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JEREMIAH B., ET AL., | ) | CIVIL NO. 09-00262 DAE-LEK |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DEPARTMENT OF EDUCATION, | ) | |
| STATE OF HAWAII, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**REPORT OF SPECIAL MASTER ON AWARD OF ATTORNEYS' FEES AND COSTS**

Plaintiffs Jeremiah B., by and through his Mother, Ellorose B. (collectively "Plaintiffs") filed their Motion Determining Plaintiffs As Prevailing Party and for an Award of Attorneys' Fees and Costs ("Motion") on August 31, 2009.  The Motion sought a ruling that Plaintiffs were the prevailing party for purposes of 20 U.S.C. § 1415 and an award of attorneys' fees and costs in the amount of $27,885.11.  On November 10, 2009, the district judge issued his Order Granting Plaintiffs' Motion Determining Plaintiffs As Prevailing Party and Referring Matter of Attorneys' Fees and Costs to Magistrate Judge for Findings and Recommendation ("Prevailing Party Order").[1]  Pursuant to this Court's briefing schedule, Defendant State of Hawai`i, Department of Education ("Defendant") filed its memorandum in opposition on

---

[1] The portion of Plaintiffs' Motion seeking attorneys' fees and costs will be referred to as the "Request".

December 7, 2009, and Plaintiffs filed their reply on December 8, 2009.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After reviewing the parties' submissions and the relevant case law, the Court FINDS AND RECOMMENDS that Plaintiffs' Request be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that the district judge GRANT Plaintiffs $26,993.18 in attorney's fees, and $580.41 in costs, for a total award of $27,573.59.

## BACKGROUND

The factual and procedural history of this case are set forth in the Prevailing Party Order, and this Court will not repeat them here.

Plaintiffs argue that they are entitled to an award of reasonable attorneys' fees and costs as the prevailing party.  They contend that this award should include the cost of paralegal services in connection with the administrative proceedings because the use of a paralegal second chair at the due process hearing and the use of paralegal services for work on legal documents were warranted in this case.  Plaintiffs also argue that the requested award reflects reasonable hourly rates and a reasonable number of work hours.  Finally, Plaintiffs argue that the requested costs were reasonably and necessarily incurred in

the administrative proceedings and in the instant case.

In its memorandum in opposition, Defendant argues only that the Request should be denied because Plaintiffs' Statement of Consultation does not meet the requirements of Local Rule 54.3(b).  Defendant states that counsel never held a conference to discuss the Request, nor did Plaintiffs' counsel ever contact Defendant's counsel to schedule one.

In their reply, Plaintiffs note that they provided their counsel's invoice for the administrative proceedings to Defendant's counsel via facsimile on April 24, 2009, along with a letter providing substantial support for their position. Plaintiffs sent two follow-up e-mails, but received no response. Plaintiffs served the Complaint on Defendant on June 10, 2009 and, on June 12, 2009, Plaintiffs' counsel e-mailed the invoice to Defendant's counsel.  Defendant did not respond.  In fact, Defendant did not file an Answer to the Complaint until Plaintiffs' counsel gave defense counsel a courtesy reminder, and Defendant did not respond to Plaintiffs' Motion when it was pending before the district judge.  Thus, Plaintiffs argue that they have made good faith efforts to provide Defendant with an opportunity respond to their invoice, but Defendant failed to do so.  Finally, Plaintiffs note that Defendant has never addressed the merits of their Request.  Plaintiffs therefore argue that their Request should be granted in full.

## DISCUSSION

### I.    Meet-and-confer Requirement

Defendant argues that the Request should be denied in its entirety because Plaintiffs did not comply with the meet-and-confer requirement.

> The court will not consider a motion for attorneys' fees and related non-taxable expenses until moving counsel advises the court in writing that, after consultation, or good faith efforts to consult, the parties are unable to reach an agreement with regard to the fee award or that the moving counsel has made a good faith effort, but has been unable, to arrange such a conference. The statement of consultation shall set forth the date of the consultation, the names of the participating attorneys, and the specific results achieved, or shall describe the efforts made to arrange such conference and explain the reasons why such conference did not occur.  The moving party shall initiate this consultation after filing a motion for attorneys' fees and related non-taxable expenses.

Local Rule LR54.3(b).

Plaintiffs' Statement of Consultation, timely filed on September 10, 2009, sets forth the following attempts to consult with Defendant regarding Request.[2]  Plaintiffs' counsel submitted an invoice for attorneys' fees in the administrative proceedings to Defendant on April 24, 2009.  Plaintiffs' counsel sent follow-up e-mails to defense counsel on May 15, 2009 and June 1, 2009, but there was no response.  On June 12, 2009, after the filing of

---

[2] Plaintiffs submitted the communications themselves as exhibits to their reply.

the instant action, defense counsel sent an e-mail to Plaintiffs' counsel, stating that she did not receive the invoice.  She stated "[p]lease send one to me so I can respond as soon as possible."  [Reply, Exh. J to Decl. of Bruce P. Ellis.] Plaintiffs' counsel sent defense counsel the invoice later that day, but Defendant never responded.

This Court FINDS that Plaintiffs made a good faith effort to consult with Defendant regarding the Request and that Plaintiffs' Statement of Consultation complies with Local Rule 54.3(b).

**II.  Entitlement to Attorneys' Fees**

> The IDEA provides:
>
> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs--
>   (I) to a prevailing party who is the parent of a child with a disability[.]

20 U.S.C. § 1415(i)(3)(B)(i).  Based on the district judge's Prevailing Party Order, Plaintiffs are the prevailing party in the instant action and are entitled to their reasonable attorneys' fees incurred in the administrative proceedings and in the instant case.

**III. Calculation of Attorneys' Fee Award**

In calculating an award of reasonable attorney's fees in IDEA cases, courts use the lodestar calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See, e.g.,

Aguirre v. Los Angeles Unified Sch. Dist., 461 F.3d 1114, 1121 (9th Cir. 2006) (holding that "attorney's fees awarded under 20 U.S.C. § 1415 are governed by the standards set forth by the Supreme Court in Hensley and its progeny").  A court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  Hensley, 461 U.S. at 433.

        The following factors are subsumed within the lodestar determination: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, . . . (4) the results obtained, and (5) the contingent nature of the fee agreement".  Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996) (stating that "[a]djusting the lodestar on the basis of subsumed reasonableness factors after the lodestar has been calculated . . . is a disfavored calculation") (citations and quotation marks omitted).  The Ninth Circuit, however, extending City of Burlington v. Daque, 505 U.S. 557, 567 (1992), has held that whether the fee is fixed or contingent may not be considered in the lodestar calculation.  See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).

        Once calculated, the lodestar amount is presumptively reasonable.  See Pennsylvania v. Delaware Valley Citizens'

Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (stating that the lodestar figure should only be adjusted in rare and exceptional cases).  The court must then decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  See Fischer, 214 F.3d at 1119.  The factors the Ninth Circuit articulated in Kerr are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70.

Plaintiffs request the following lodestar amount for work associated with the administrative proceedings and the instant case:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Stanley E. Levin | 66.8 | $285 | $19,038.00 |
| Bruce Ellis | 82.8 | $ 85 | $ 7,038.00 |
| | | Subtotal | $26,076.00 |

      State Excise Tax of 4.712% <u>$ 1,228.70</u>

      **TOTAL REQUESTED LODESTAR <u>$27,304.70</u>**

[Motion, Decl. of Stanley E. Levin ("Levin Decl."), Exh. A at 8, Exh. G at 2.]  Mr. Levin was admitted to the Hawai`i State Bar in 1972 and has litigated numerous IDEA cases in this district court.

  **A.** <u>**Reasonable Hourly Rate**</u>

    In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees.  <u>See</u> <u>Webb v. Ada County</u>, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  <u>See</u> <u>id.</u>; <u>see also</u> <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1405 (9th Cir. 1992), <u>as amended on denial of reh'g</u>, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").

    In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable.  <u>See</u> <u>Jordan v. Multnomah County</u>, 815 F.2d 1258, 1263 (9th Cir. 1987).  Plaintiffs' counsel cited other cases in which the district court awarded him and Mr. Ellis the hourly rates they request in this case.  [Levin Decl. at ¶ 14 (citing <u>Alicia F. v. Dep't of Educ.</u>, CV No. 06-00268 HG-BMK; <u>Melodee H. ex rel. Kelii H. v. Dep't of Educ.</u>, CV No. 07-00256 HG-LEK).]  In

8

addition, this Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill and reputation.  Defendant did not object to Mr. Levin's and Mr. Ellis' hourly rates.

Based on the parties' submissions and the previous rates that the district court has awarded, the Court finds that Mr. Levin's requested $285 per hour rate and Mr. Ellis' requested $85 per hour rate are manifestly reasonable.

### B.   Hours Reasonably Expended

Beyond establishing a reasonable hourly rate, a party seeking attorney's fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  See Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  See id. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987)).  A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461

U.S. at 433-34).

### 1. **Resolution Session**

The IDEA prohibits the recovery of attorneys' fees and costs associated with the following services:

> (ii) IEP Team meetings
>
> Attorneys' fees may not be awarded relating to any meeting of the IEP Team unless such meeting is convened as a result of an administrative proceeding or judicial action, or, at the discretion of the State, for a mediation described in subsection (e).
>
> (iii) Opportunity to resolve complaints
>
> A meeting conducted pursuant to subsection (f)(1)(B)(i) shall not be considered--
>
>> (I) a meeting convened as a result of an administrative hearing or judicial action; or (II) an administrative hearing or judicial action for purposes of this paragraph.

20 U.S.C. § 1415(i)(3)(D).

Section 1415(i)(3)(D)(ii) "prohibits recovery of fees associated with IEP meetings unless the meeting is convened by order of a court or administrative agency." Linda T. ex rel. William A. v. Rice Lake Area Sch. Dist., 417 F.3d 704, 709 (7th Cir. 2005) (emphasis added). The exclusion does not apply only to the IEP meetings, it applies to "any work done in relation to them." See Hiram C. v. Manteca Unified Sch. Dist., No. S-03-2568 WBS KJM, 2004 WL 4999156, at *2 (E.D. Cal. Nov. 5, 2004) (excluding time spent preparing for, traveling to and from, and attending IEP meetings because they were not convened as a result

of an administrative proceeding or judicial action).  Pursuant to § 1415(i)(3)(D)(iii), a resolution session is not a meeting convened as a result of an administrative proceeding or judicial action.  A resolution session therefore does not fall within the exception which allows for the recovery of attorney's fees incurred in connection with certain IEP meetings.  Just as all work in relation to a non-qualifying IEP meeting must be excluded, all work in relation to a resolution session must also be excluded.

       Thus, all of counsel's time associated with the resolution session is not compensable.  The Court will therefore deduct 0.4 hours from Mr. Ellis' time.

### 2. Clerical or Ministerial Tasks

       Clerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate.  See, e.g., Sheffer v. Experian Info. Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003).  The Court finds that all of Mr. Ellis' entries for communications about, and internal office management of, hearing dates and due dates are clerical in nature.  The Court will therefore deduct 3.1 hours from Mr. Ellis' time.

       The Court finds that the remainder of Mr. Ellis' time and all of Mr. Levin's time was reasonably expended in the administrative proceedings and the instant case.

**C.    Total Lodestar Award**

Based on the foregoing, this Court FINDS that Plaintiffs have established the appropriateness of an award of attorney's fees as follows:

| ATTORNEY | HOURS | RATE | LODESTAR |
|---|---|---|---|
| Stanley E. Levin | 66.8 | $285 | $19,038.00 |
| Bruce Ellis | 79.3 | $ 85 | $ 6,740.50 |
|  |  | Subtotal | $25,778.50 |
|  | State Excise Tax of 4.712% | | $ 1,214.68 |
|  |  | **TOTAL LODESTAR** | **$26,993.18** |

The Court declines to adjust the award based on the remaining <u>Kerr</u> factors.

**III. Entitlement to and Calculation of Costs**

As the prevailing party, Plaintiffs are entitled to reasonable costs incurred in the administrative proceeding and in the instant case.  See 20 U.S.C. § 1415(i)(3)(B)(i)(I). Plaintiffs seek a total of $580.41 in costs, consisting of the following:

```
In-house Photocopies                       $ 25.20
Facsimile Charges                          $ 20.40
Postage                                    $  5.97
Tax on in-house expenses                   $  2.43
Outside Copy Service                       $ 99.91
Outside Messenger Services                 $  8.50
USDC filing fee & 2 certified copy         $368.00
Service fee                                $ 50.00
                                 Total     $580.41
```

[Mem. in Supp. of Motion at 19; Levin Decl. at ¶¶ 16-22.]  Local

Rule 54.3(d)(3) states: "In addition to identifying each requested non-taxable expense, the moving party shall set forth the applicable authority entitling the moving party to such expense and should attach copies of invoices and receipts, if possible."

Counsel included activity sheets for the in-house copying expenses. Counsel made a total of 252 copies, and seeks reimbursement at $0.10 per page. [Exh. F to Levin Decl. at 1-8; Levin Decl. at ¶ 16.] Counsel also submitted confirmation sheets for all facsimile transmissions in this case, a total of 102 pages. [Exh. F to Levin Decl. at 9-43.] Counsel seeks reimbursement at $0.20 per page. [Levin Decl. at ¶ 17.] Counsel submitted a hand-written postage log, a messenger instruction sheet, and invoices for the filing costs, service fees, and outside copying costs. [Exh. F to Levin Decl. at 44-48.] The messenger delivery charges were for a single delivery - the filing of the Complaint. [Id. at 45; Levin Decl. at ¶ 20.]

The Court FINDS that Plaintiffs' costs were reasonably and necessarily incurred in the administrative proceedings and in the instant case, and that Plaintiffs' costs are the type of costs typically charged to a fee-paying client. The Court therefore RECOMMENDS that the district judge award Plaintiffs' request for costs in full.

**CONCLUSION**

In accordance with the foregoing, this Court, acting as Special Master, FINDS AND RECOMMENDS that Plaintiffs' request for attorneys' fees and costs in their Motion Determining Plaintiffs As Prevailing Party and for an Award of Attorneys' Fees and Costs, filed on August 31, 2009, be GRANTED IN PART AND DENIED IN PART.  The Court RECOMMENDS that the district judge GRANT Plaintiffs $26,993.18 in attorney's fees, and $580.41 in costs, for a total award of $27,573.59.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, January 29, 2010.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**JEREMIAH B., ET AL. V. DEPARTMENT OF EDUCATION; CIVIL NO. 09-00262 DAE-LEK; REPORT OF SPECIAL MASTER ON AWARD OF ATTORNEYS' FEES COSTS**